IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE GLOSSON, | No. 2:11-CV-1743-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| A.K. STINSON, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks sanctions (Doc. 19) against defendants for failing to file a response to his amended complaint. A review of the docket reflects, however, that defendants in fact filed an answer and that the answer was timely. Specifically, on March 7, 2012, the court granted defendants' request for an extension of time to March 27, 2012, to file their answer. Defendants' answer was filed on March 26, 2012. Plaintiff's motion for sanctions will, therefore, be denied.

/ / /

/ / /

/ / /

1

Plaintiff also seeks leave to amend (Doc. 28).[1]  Specifically, plaintiff seeks to include Engellenner as a defendant to this action.  Plaintiff claims that Engellenner knew of a lower bunk chrono contained in plaintiff's central file and ignored that chrono when assigning plaintiff to his housing unit in a top bunk.  Though the court previously dismissed Engellenner for failure to state a claim because plaintiff failed to allege facts which would show that Engellenner had any actual knowledge of the lower bunk chrono, plaintiff now argues that, under California Code of Regulations, Title 15, § 3269(b), he was required to examine plaintiff's central file and, therefore, must have seen the lower bunk chrono.  As defendants note in their opposition to plaintiff's motion for leave to amend, § 3269 applies only to housing assignments for inmates newly arriving at the prison.  It does not apply in this case because the housing assignment in question was incident to a move from one housing unit to another in the same prison and not incident to plaintiff having newly arrived at the prison.  Plaintiff has not presented any new factual allegations which would change the court's prior analysis as to Engellenner.

By separate order the court will set an initial schedule for this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (Doc. 19) is denied; and

2. Plaintiff's motion for leave to amend (Doc. 28) is denied.


DATED: June 25, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] As defendants correctly note, plaintiff's motion is entitled a motion to file a supplemental complaint.  That procedure is applicable where a plaintiff wishes to include allegations concerning events occurring after the original complaint was filed.  Because plaintiff seeks to add a defendant who is alleged to have participated in the same occurrences as described in the original pleading, plaintiff's motion is construed as a motion for leave to amend.

2